09-3187-ag
Lin v. Holder

BIA
Gordon-Uruakpa, IJ
A099 667 845

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of June, two thousand ten.

PRESENT:
> PETER W. HALL,
> GERARD E. LYNCH,
> DENNY CHIN,
> > *Circuit Judges*.

_____

RUI XIN LIN,
> *Petitioner*,

v.                                                    09-3187-ag
                                                      NAC

ERIC H. HOLDER, Jr., U.S. ATTORNEY
GENERAL,
> *Respondent*.

_____

FOR PETITIONER:          Richard Tarzia, Belle Mead, New
                         Jersey.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General, Michelle G. Latour,
                         Assistant Director, Nairi M.
                         Simonian, Trial Attorney, Office of
                         Immigration Litigation, Civil
                         Division, United States Department
                         of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Rui Xin Lin, a native and citizen of the People's Republic of China, seeks review of a June 29, 2009, order of the BIA affirming the November 7, 2007, decision of Immigration Judge ("IJ") Vivienne E. Gordon-Uruakpa, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rui Xin Lin*, No. A099 667 845 (B.I.A. June 29, 2009), *aff'g* No. A099 667 845 (Immig. Ct. N.Y. City Nov. 7, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency properly held that Lin was not eligible, as a matter of law, for the relief he sought based on his wife's forced sterilization. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007); *see also Gui Yin Liu v. INS,* 508 F.3d 716, 723 (2d Cir. 2007).

The BIA also reasonably concluded that Lin failed to demonstrate past persecution or a well-founded fear of future persecution on account of any "other resistance" to China's family planning policy. *See* 8 U.S.C. § 1101(a)(42). As the BIA observed, Lin was already in the United States when his wife was allegedly sterilized. Furthermore, to the extent Lin claims that he suffered past persecution because he is "not being allowed to enjoy the basic human right of procreating with his wife," that claim fails under our decision in *Shi Liang Lin*. 494 F.3d at 309 (recognizing "that an individual whose spouse undergoes, or is threatened with, a forced abortion or involuntary sterilization may suffer a profound emotional loss as a partner and a potential parent," but does not suffer persecution on

account of a protected ground solely on account of such forced abortion or involuntary sterilization).

We also find no error in the BIA's conclusion that Lin failed to demonstrate that he suffered a substantial economic disadvantage because a 7,600 RMB fine was levied against him after he had arrived in this country. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 69-70 (2d Cir. 2002); *see also Matter of T-Z-*, 24 I. & N. Dec. 163, 171-175 (BIA 2007). Contrary to Lin's argument that the BIA improperly engaged in *de novo* review of his economic persecution claim, the BIA was entitled to find that, as a matter of law, he did not meet his burden to demonstrate persecution. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 162 (2d Cir. 2008); 8 C.F.R. § 1003.1(d)(3).

Because Lin failed to demonstrate that he suffered past persecution, he was not entitled to a presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b). The BIA did not err in finding that Lin failed to prove a reasonable possibility of future persecution in the absence of any record evidence to support such a claim. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir. 2005).

Because Lin was unable to meet his burden of proof for asylum, his withholding of removal claim necessarily fails. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Lin has abandoned any challenge to the IJ's denial of his CAT claim.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3